UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ERIC SCHWEITZER

VERSUS

MATTHEW MELANE ET AL

CIVIL ACTION

NO. 21-154-JWD-SDJ

**RULING AND ORDER**

This matter comes before the Court on *Santander Consumer USA, Inc. d/b/a Chrysler Capital, erroneously named as FCA US, LLC's FRCP 12(b)(6) Motion to Dismiss* (Doc. 4) brought by Defendant Santander Consumer USA, Inc. d/b/a Chrysler Capital ("Defendant" or "Chrysler Capital"). Plaintiff Eric Schweitzer ("Plaintiff" or "Schweitzer") opposes the motion. (Doc. 6.) Chrysler Capital filed a reply. (Doc. 7.) Oral argument is not necessary. The Court has carefully considered the law, the allegations in the record, and the arguments of the parties and is prepared to rule. For the following reasons, the motion is granted, and Plaintiff is given twenty-eight (28) days within which to file an amended complaint.

**I.    Relevant Background**

Plaintiff initiated this suit by filing a *Petition for Preliminary and Permanent Injunction and Damages* ("Petition") against defendants Chrysler Capital and Matthew Melane in Baton Rouge City Court. (Doc. 1-1.)[1] The Petition seeks damages and injunctive relief against Chrysler Capital for alleged violations of the Fair Credit Reporting Act ("FCRA"). (*Id*.) Chrysler Capital subsequently removed the case to this Court. (Doc. 1.)

---

[1] The Petition erroneously refers to Defendant Chrysler Capital as "FCA US LLC." (Doc. 1-1 at 1.) Matthew Melane, the other named defendant, is not a party to this motion.

1

According to the Petition, Defendant inaccurately reported "derogatory information about Plaintiff" regarding a 2011 Chevrolet Silverado to one or more consumer reporting agencies. (Doc. 1-1 at 1, ¶ 4.) Plaintiff alleges that he disputed the accuracy of the reported information by sending "letters of dispute" to Defendant, along with "proof the debt is not owed." (*Id.* at ¶¶ 5–6.) The Petition further alleges that, despite Plaintiff's letters of dispute, Defendant has not responded with evidence of the debt and refuses to remove the information from Plaintiff's credit reports. (*Id.* at ¶¶ 6, 8.) Plaintiff claims that Defendant failed to provide "notice of this disputed matter to the credit bureaus," in violation of 15 U.S.C. § 1681s-2. (*Id.* at ¶ 7.) Additionally, Plaintiff claims that Defendant failed to investigate Plaintiff's written dispute and provide the results of the investigation within 30 days, or otherwise notify Plaintiff of a determination that the dispute is frivolous, as required by 15 U.S.C. § 1681s-2. (*Id.* at ¶¶ 9-10.) Defendant now moves for dismissal of Plaintiff's Petition pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.    Rule 12(b)(6) Standard

"Federal pleading rules call for 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014).

Interpreting Rule 8(a) of the Federal Rules of Civil Procedure, the Fifth Circuit has explained:

> The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal evidence of each element of a claim. "Asking for [such] plausible grounds to infer [the element of a claim] *does not impose a probability requirement* at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal [that the elements of the claim existed]."

2

*Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (footnotes omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Applying the above case law, the Western District of Louisiana has stated:

> Therefore, while the court is not to give the "assumption of truth" to conclusions, factual allegations remain so entitled. Once those factual allegations are identified, drawing on the court's judicial experience and common sense, the analysis is whether those facts, which need not be detailed or specific, allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." [*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)]; *Twombly*, 55[0] U.S. at 556, 127 S. Ct. at 1965. This analysis is not substantively different from that set forth in *Lormand*, *supra*, nor does this jurisprudence foreclose the option that discovery must be undertaken in order to raise relevant information to support an element of the claim. The standard, under the specific language of Fed. R. Civ. P. 8(a)(2), remains that the defendant be given adequate notice of the claim and the grounds upon which it is based. The standard is met by the "reasonable inference" the court must make that, with or without discovery, the facts set forth a plausible claim for relief under a particular theory of law provided that there is a "reasonable expectation" that "discovery will reveal relevant evidence of each element of the claim." *Lormand*, 565 F.3d at 257; *Twombly*, 55[0] U.S. at 556, 127 S. Ct. at 1965.

*Diamond Servs. Corp. v. Oceanografia, S.A. De C.V.*, No. 10-177, 2011 WL 938785, at *3 (W.D. La. Feb. 9, 2011).

In deciding a Rule 12(b)(6) motion, all well-pleaded facts are taken as true and viewed in the light most favorable to the plaintiff. *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502–03 (5th Cir. 2014). The task of the Court is not to decide if the plaintiff will eventually be successful, but to determine if a "legally cognizable claim" has been asserted. *Id*. at 503.

### III. Analysis

#### A. Parties' Arguments

##### 1. *Defendant's Original Memorandum (Doc. 4-1)*

Defendant moves to dismiss Plaintiff's claims with prejudice on the grounds that Plaintiff has failed to state a claim upon which relief can be granted under the FCRA. (Doc. 4-1 at 2.) Defendant raises three main arguments in support of its motion.

3

First, Defendant observes that Plaintiff's claim that Defendant is liable for reporting inaccurate information about him to credit reporting agencies amounts to an alleged violation of § 1681s-2(a)(1), (*id*. at 3–4,) for which he ostensibly seeks damages under the FCRA's civil enforcement provisions. (*Id*. at 4 (citing 15 U.S.C. §§ 1681n and 1681o).) Defendant argues, however, that noncompliance with § 1681s-2(a) is specifically excluded from the FCRA's civil enforcement provisions. (*Id*. at 4 (citing § 1681s-2(c)).) Defendant further asserts that, even assuming for argument's sake that Defendant did report inaccurate information in violation of § 1681s-(2)(a)(1), Plaintiff has no private right of action, as such violations are subject only to agency enforcement and are specifically excluded from private rights of action pursuant to §§ 1681s-2(c) and 1681s-2(d). (*Id*. at 5.) Accordingly, Defendant argues that Plaintiff's claims predicated on alleged inaccurate credit reporting should be dismissed with prejudice. (*Id*.)

Second, Defendant argues that Plaintiff's contention that Defendant is liable for failing to mark the account as disputed should likewise be dismissed with prejudice on the grounds that such a claim arises under Section 1681s-2(a), for which there is no private right of action. (*Id*. at 5–6.)

Finally, Defendant argues that, to the extent the Petition asserts a claim under Section 1681-2(b), this claim fails because Plaintiff does not allege sufficient facts to establish a violation of Section 1681s-2(b). (*Id*. at 6.) Specifically, Defendant argues that it can only be liable under Section 1681s-2(b) if Plaintiff first reported the alleged inaccurate information to a credit reporting agency, which then notified Defendant of the dispute, and Defendant failed to investigate the dispute and correct any inaccurate information. (*Id*. at 7 (citing *Young v. Equifax Credit Information Services, Inc.*, 294 F.3d 631, 639–40 (5th Cir. 2002)).) Whereas, here, the Petition fails to allege that Plaintiff notified any credit reporting agency of disputed information

4

and fails to allege that a credit reporting agency notified Defendant of such disputed credit information in accordance with Section 1681i(a)(2). (*Id*.) As a result, Defendant contends that Plaintiff's Petition fails to allege a viable claim under Section 1681s-2(b) of the FCRA. (*Id*.)

### 2. *Plaintiff's Opposition (Doc. 6)*

In opposition, Plaintiff essentially argues that he has provided sufficient information to support his action against Defendant for violation of the FCRA. (Doc. 6 at 3.) Plaintiff reasserts that Defendant furnished inaccurate information to consumer reporting agencies in violation of 15 U.S.C. § 1681s-2(a) and (b), which has caused Plaintiff ongoing harm and affected his ability to obtain credit. (*Id*. at 2.) Plaintiff's opposition does not address Defendant's arguments regarding there being no private action under the FCRA to enforce violations under Section 1681s-2(a). Plaintiff maintains, however, that he has a private right of action under Section 1681s-2(b) because he disputed the inaccurate information with Defendant directly, as well as requested proof of debt and for Defendant to investigate, which did not occur. (*Id*. 3.) Plaintiff contends that his "only remedy" against Defendant "is to bring this action for damages and injunctive relief under both state and federal law." (*Id*. at 3–4.)

### 3. *Defendant's Reply (Doc. 7)*

In reply, Defendant mostly restates the arguments raised in its original memorandum. (Doc. 7 at 1–4.) Additionally, Defendant argues that the Court should reject Plaintiff's attempt to amend his Petition through his opposition brief to assert a new defamation claim against Defendant. (*Id*. at 4.) Specifically, Defendant argues that "Schweitzer claims for the first time in his opposition that Chrysler Capital has defamed him by reporting unspecified derogatory information about him to unspecified [credit reporting agencies]." (*Id*.) Defendant further argues that, "even if this Court were to consider Schweitzer's newly-minted defamation claim," the

5

claim is "preempted by the FCRA" and must be dismissed. (*Id*. at 5.) In support of this argument, Defendant cites to two FCRA provisions, both of which independently establish that Plaintiff's state law defamation is preempted, according to Defendant. (*Id*. at 6–7 (citing 15 U.S.C. §§ 1681t(b)(1)(F) and 1681h(e)).)

### B. Plaintiff Fails to State a FCRA Claim

Because inaccurate and unfair credit reporting impairs the efficiency of the banking system, undermines public confidence, and plays a vital role in evaluating consumer credit and consumer privacy, Congress enacted the FCRA to establish reasonable procedures for consumer reporting agencies. 15 U.S.C. § 1681. Although the FRCA primarily regulates the actions of consumer reporting agencies, Section 1681s-2 imposes responsibilities on furnishers of information to consumer reporting agencies. *Id*. § 1681s-2; *Shaunfield v. Experian Info. Sols., Inc.*, 991 F. Supp. 2d 786, 794 (N.D. Tex. 2014). While the FCRA does not define "furnisher," the courts within the Fifth Circuit have defined this term broadly to include "an entity that transmits information concerning a particular debt owed by a consumer to a consumer reporting agency." *Id*. at n.7 (quoting *Thomasson v. Bank One*, 137 F. Supp. 2d 721, 722 (E.D. La. 2001)). Here, Chrysler Capital qualifies as a "furnisher of information" for purposes of § 1681s-2 because it allegedly furnished information about Plaintiff concerning a debt owed on a vehicle to one or more consumer reporting agencies. (*See* Doc. 1-1 at 1.)

#### *1. No Private Right of Action under Section 1681s-2(a)*

The primary responsibility imposed on furnishers of information is the duty to provide accurate information. 15 U.S.C. § 1681s-2(a). Among other things, "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." *Id*. § 1681s-2(a)(1)(A).

6

Furthermore, "[a] person shall not furnish information relating to a consumer to any consumer reporting agency if the person has been notified by the consumer . . . that specific information is inaccurate." *Id*. § 1681s-2(a)(1)(B). Section 1681s-(a), however, is "enforced exclusively . . . by the Federal agencies and officials" and certain "State officials." *Id*. § 1681s-2(d). Following the plain language of the statute, courts have consistently held that the affirmative obligation to refrain from reporting inaccurate information is enforced exclusively by the Federal Agencies. *See McLean v. Big Dog Group, LLC*, No. 15-40, 2016 WL 3211514, at *11 (M.D. La. Mar. 11, 2016); *Bank One, N.A. v. Colley*, 294 F. Supp. 2d 864, 870 (M.D. La. 2003). Thus, even accepting as true the allegations that Defendant furnished inaccurate information about Plaintiff concerning a debt owed on a vehicle to a consumer reporting agency, Plaintiff cannot file suit on this ground because the statutory scheme forecloses private redress for violations of Section 1681s-2(a). As a result, Plaintiff's FCRA claim under Section 1681s-2(a) is dismissed with prejudice.

### 2. *Plaintiff Fails to Allege Sufficient Facts to State a Claim under Section 1681s-2(b)*

Section 1681s-2(b) of the FCRA imposes duties on furnishers of information to investigate disputed information and to report the results of an investigation to the consumer reporting agency. In contrast to Section 1681s-2(a), courts within the Fifth Circuit have found that Section 1681s-2(b) grants consumers a private cause of action. *See, e.g.*, *McLean*, 2016 WL 3211514, at *12; *Desselle v. Ford Motor Credit Co. LLC.*, No. 14-1147, 2014 WL 4635545, at *3 (E.D. La. Sept. 15, 2014); *Whitesides v. Equifax Credit Info. Serv., Inc.*, 125 F. Supp. 2d 807, 812 (W.D. La. Dec. 4, 2000); *Taylor v. Chase Auto Fin. Corp.*, 850 F. Supp. 2d 637, 641 (N.D. Miss. 2012) (citing *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002)).

While the FCRA requires the furnisher of information to undertake certain reasonable investigation procedures, this duty is only invoked after the furnisher receives notice of a dispute from a consumer reporting agency, which means after a consumer notifies the agency of the dispute. 15 U.S.C. § 1681s-2(b). In order to trigger the duty to investigate, it is necessary that the furnisher receives some type of notice from the consumer reporting agency. *Id.* § 1681s-2(b)(1); *Taylor*, 850 F. Supp. 2d at 642 ("To plausibly state a FCRA claim against Chase, Plaintiff would have to allege that a consumer reporting agency gave notice of Plaintiff's dispute to Chase, as a furnisher."); *Young*, 294 F.3d at 639 (stating that "notice is necessary to trigger the furnisher's duties under Section 1681s-2(b)"); *Bank One, N.A.*, 294 F. Supp. 2d at 870 ("The statutory language . . . makes clear that the duties created by § 1681s-2(b) do not arise until the furnisher of the information receives notice from a consumer reporting agency."). Thus, to state a claim under Section 1681s-2(b), Plaintiff must allege that a consumer reporting agency notified Defendant, the furnisher of the information, of a dispute regarding the completeness or accuracy of the information and that Defendant then failed to fulfill its investigative and reporting duties under the statute. *See Young*, 294 F.3d at 639.

Here, Plaintiff simply alleges that he sent notice to Defendant "disput[ing] the accuracy of the derogatory information" it furnished to the consumer reporting agencies and "provided proof the debt is not owed." (Doc. 1-1 at 1, ¶¶ 5–6.) Plaintiff further alleges that Defendant failed to investigate "Plaintiff's written dispute and provide the results of [the] investigation to Plaintiff" within 30 days as required under Section 1681s-2. (*Id.* at ¶ 9.) Importantly, Plaintiff does not allege that he notified a consumer reporting agency of a dispute regarding the completeness or accuracy of information. Nor does he allege that a consumer reporting agency provided Defendant with notice of any dispute sufficient to trigger Defendant's duties under the

statute. As a result, the allegations of Plaintiff's Petition fail to demonstrate that he is entitled to relief as required by *Johnston v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014), and fail to lead to the reasonable inference that Defendant is liable for the alleged misconduct under *Diamond Servs. Corp. v. Oceanografia, S.A. De C.V.*, No. 10-177, 2011 WL 938785, at *3 (W.D. La. Feb. 9, 2011). The Court therefore grants Defendant's motion to dismiss Plaintiff's claim under Section 1681s-2(b) of the FCRA.

In sum, the Court finds that Plaintiff fails to state a claim under the FCRA because (1) Section 1681s-2(a) fails to provide consumers with a private right of action to enforce the duty of Defendant, as a furnisher of information, to provide accurate information to consumer reporting agencies; and (2) Plaintiff fails to allege sufficient facts to demonstrate that he contacted a consumer reporting agency to dispute the information, and that the consumer reporting agency then notified Defendant of the dispute, such that Defendant's duties under Section 1681s-2(b) were triggered. Nevertheless, it is plausible that Plaintiff could file an amended complaint addressing these deficiencies. Accordingly, the Court grants plaintiff leave to amend his FCRA claim under Section 1681s-2(b) because doing so would not be futile and would not cause undue delay or prejudice to Defendant. *See Marucci Sports, L.L.C. v. National Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).

### C.  Defamation Claim

Finally, Defendant urges that the Court should not "consider the allegations and claims Schweitzer is asserting for the first time in his opposition." (Doc. 7 at 4.) The Court agrees. "It is axiomatic that a complaint cannot be amended by briefs in opposition to a motion to dismiss." *Pullins v. Hancock Whitney Bank*, 512 F. Supp. 3d 647, 654 (M.D. La. Jan. 11, 2021) (brackets omitted). Consequently, any factual allegations or claims asserted in Plaintiff's opposition that

do not appear implicitly or explicitly in the Petition shall not be considered for purposes of this ruling. *See id*. Further, insofar as Plaintiff asserts that Defendant is liable under a defamation theory, this claim would be preempted by the FCRA, as Defendant correctly argues. (*See* Doc. 7 at 5–7.) The Fifth Circuit has held that "[t]he FCRA preempts state law defamation or negligent reporting claims unless the plaintiff consumer proves 'malice or willful intent to injure' him." *Young*, 294 F.3d at 638 (5th Cir. 2002) (citing 15 U.S.C. § 1681h(e); *Cushman v. Trans Union Corp.*, 115 F.3d 220, 229 (3d Cir. 1997); *Bloom v. I.C. Sys., Inc.*, 972 F.2d 1067, 1069 (9th Cir. 1992); *Thornton v. Equifax, Inc.*, 619 F.2d 700, 703 (8th Cir. 1980)). Plaintiff's Petition fails to allege that Defendant furnished inaccurate information to credit reporting agencies with malice or willful intent. As a result, any state law defamation claim, to the extent one appears in Plaintiff's Petition, should also be dismissed.

### IV.   Conclusion

Accordingly,

**IT IS ORDERED** that *Santander Consumer USA, Inc. d/b/a Chrysler Capital, erroneously named as FCA US, LLC's FRCP 12(b)(6) Motion to Dismiss* (Doc. 4) is **GRANTED**, and that the claims of Plaintiff Eric Schweitzer as set forth in the Petition are hereby **DISMISSED**. Plaintiff shall have twenty-eight (28) days to amend the operative complaint to cure the above deficiencies regarding his claim under Section 1681s-2(b) of the FCRA, if he can do so. Failure to do so will result in dismissal of the claim with prejudice.

Signed in Baton Rouge, Louisiana, on <u>January 13, 2022</u>.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**