UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ERIC SCHWEITZER | CIVIL ACTION |
| VERSUS | NO. 21-154-JWD-SDJ |
| FCA US LLC, ET AL | |

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

    Signed in Baton Rouge, Louisiana, on March 4, 2022.

                                                                                   **SCOTT D. JOHNSON**
                                                                                  **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ERIC SCHWEITZER | CIVIL ACTION |
| VERSUS | NO. 21-154-JWD-SDJ |
| FCA US LLC, ET AL | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

In October of 2019, Plaintiff filed this cause of action in Baton Rouge City Court against Defendants, Matthew Melane and Santander Consumer USA, Inc., d/b/a Chrysler Capital (Chrysler), erroneously named as FCA US, LLC. (R. Doc. 1 at 1). Chrysler was eventually served on March 3, 2021 (R. Doc. 1-1 at 3), while Plaintiff withheld service on Melane (R. Doc. 1-1 at 2) ("Withhold service at this time."). Within days of service, Chrysler removed the action to this Court (R. Doc. 1), and then quickly filed a Motion to Dismiss (R. Doc. 4). The Court granted the Motion on January 13, 2022, dismissing all of Plaintiff's claims against Chrysler. (R. Doc. 8).

Following Chrysler's dismissal, Matthew Melane is the only remaining Defendant. But to this day, he has never been served, and nothing in the record suggests that Plaintiff has ever attempted service on Melane.[1] (R. Doc. 1-1 at 3) (withholding service in state court). Given Plaintiff's complete failure to perfect service on Melane, Plaintiff's claims against him should also be dismissed.

---

[1] Melane was not served while the case remained pending in state court. Since removal, Plaintiff has never submitted a summons, directed to Melane, for the Clerk to "sign, seal, and issue"—a necessary component of service in federal court, absent a waiver. *See* Fed. R. Civ. P. 4(a) (summons must be directed to defendant and signed and sealed by clerk); Fed. R. Civ. P. 4(b) (issuance of summons); Fed. R. Civ. P. 4(c)(1) (summons must be served with complaint); Fed. R. Civ. P. 4(d)(1) (plaintiff may ask defendant to "waive service of a summons"). The record likewise contains no proof of service on Melane, or waiver of service. Fed. R. Civ. P. 4(l) (proof of service must be made to court); Fed. R. Civ. P. 4(d)(4) (proof of service not required where plaintiff files waiver of service).

Chrysler removed Plaintiff's cause of action on March 12, 2021. (R. Doc. 1). Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff had 90 days (until June 10, 2021) to perfect service on Melane—the only Defendant not served at the time of removal. *See* Fed. R. Civ. P. 4(m) (service must be made within 90 days of complaint); *Lantz v. State Farm Mutual Auto. Ins. Co.*, 2017 WL 662989, at *4 n.4 (M.D. La. Feb. 17, 2017) (For a defendant not served in state court, Rule 4(m)'s "90-day deadline . . . commences at the time of removal, not when the state court petition was filed.").

On February 14, 2022, this Court issued a Show Cause Order, noting that service had not yet been made on Melane and instructing Plaintiff to file proof of service into the record by March 1, 2022. (R. Doc. 9). The Order also required Plaintiff to show cause, in writing, why his claims against Melane "should not be dismissed under Rules 4(l) and (m) of the Federal Rules of Civil Procedure for lack of service and/or proof of service."[2] To date, Plaintiff has not responded to the Court's Order.

Rule 4(m) provides that "if a defendant is not served within 90 days after the [action] is [commenced], the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Local Rule 41(b)(1)(A) provides that a civil action may be dismissed by the court for lack of prosecution "[w]here no service of process has been made within 90 days" of the action's commencement. Nearly a year has passed since the filing of the Notice of Removal, and the record indicates that Plaintiff has not attempted, let alone perfected, service on Melane.

---

[2] *Id.*

As a practical matter, this case cannot proceed against Melane if Plaintiff does not prosecute it. Plaintiff's failure to serve Melane effectively deprives him of the opportunity to defend against the allegations made by Plaintiff. Accordingly,

**IT IS RECOMMENDED** that Plaintiff's claims against Matthew Melane be **DISMISSED without prejudice** pursuant to Rule 4 of the Federal Rules of Civil Procedure and Local Rule 41(b)(1)(A) for failure to serve and failure to prosecute. Because Melane is the only remaining Defendant, his dismissal will result in Plaintiff's cause of action being dismissed in its entirety.[3]

To the extent Plaintiff is entitled to any additional notice that his failure to timely serve Matthew Melane will result in the dismissal of his cause of action, this Report and Recommendation provides such notice.

Signed in Baton Rouge, Louisiana, on March 4, 2022.

*[signature: Scott Johnson]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] While Plaintiff's claims against Matthew Melone should be dismissed without prejudice, his claims against Chrysler have been dismissed with prejudice. The Court's prior Order dismissing Chrysler gave Plaintiff 28 days to file an amended Complaint correcting the "deficiencies" noted in the Court's Order. (R. Doc. 8 at 10). If Plaintiff failed to file the amendment within 28 days, Chrysler's dismissal would be with prejudice. (R. Doc. 8 at 10). More than 28 days have passed, and no amendment has been filed.